_____

No. 95-3877
_____

United States of America,      *
                               *
          Appellee,            *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   Eastern District of Missouri.
Norman Everett Black,          *
                               *
          Appellant.           *

_____

          Submitted:  April 9, 1996

              Filed:  July 12, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and HANSEN, Circuit
     Judges.
_____

WOLLMAN, Circuit Judge.


     After a jury found Norman Everett Black guilty of distribution of
marijuana, possession with intent to distribute marijuana, and possession
with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1),
the district court[1] sentenced him to sixty months' imprisonment on each of
the first two counts and ninety-seven months' imprisonment on the last
count, all to be served concurrently.  Black appeals his conviction and
sentence, raising several issues.  We affirm.


                               I.


     On January 17, 1992, Black was stopped by two police officers as he
was walking in south St. Louis.  The St. Louis police

_____

     [1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

department had been conducting a surveillance of Black because they suspected that he was involved in a drug operation. Detectives Emmett Gelhot and Steven Strehl identified themselves as police officers and informed Black that they had been investigating him. They gave Black his _Miranda_ rights and requested Black's permission to search his apartment, which was located in the vicinity. Detective Gelhot testified that Black orally consented to the search and agreed to sign a consent-to-search form. According to Detective Gelhot, Black identified himself as Dobson Case; gave the address of his apartment as 2301 South 13th Street; and signed the consent form "D. Case." At this point, three other officers arrived at the scene, and the entire group proceeded to Black's apartment.

Detective Gelhot testified that Black voluntarily led the officers to his apartment, which the officers believed was located at 2301 South 13th Street,[2] and used his own keys to unlock the door. Detective Robert Ehrhard, who was part of the latter group of detectives to arrive at the scene, corroborated Gelhot's testimony. Jeff Baudo, the building maintenance man, provided a different version of events. He testified that the police officers asked him where Black lived. Baudo further testified that he gave keys to the police officers and that they opened the door of the apartment. Baudo also testified that the officers were restraining Black at the time. Neither Detective Gelhot nor Detective Ehrhard recalled Baudo's presence at the scene.[3]

Black was arrested after the officers discovered various items in his apartment, including cocaine, marijuana, $11,000 in cash,

---

[2]The officers later learned that the actual address of Black's apartment was 2201 South 13th Street and not 2301 South 13th Street.

[3]Detective Strehl was unavailable to testify at the evidentiary hearing and at trial.

and a triple beam scale.  After the officers again advised Black of his Miranda rights, Black stated that he was the sole resident of the apartment and admitted that he owned the items found during the search.  Black told the officers that the $11,000 was proceeds from drug transactions, that he had been selling drugs in St. Louis for approximately one year, and that his sources were in New York.  He also admitted that his true name was Norman Everett Black.

In a complaint filed on January 17, 1992, Black was charged with possession of cocaine with intent to distribute.  On January 22, 1992, the complaint was dismissed, and Black was released from custody after he orally agreed to cooperate with the government.  As a condition of the agreement, Black was required to check in with Detectives Strehl and Gelhot every day.  Black honored the agreement for two days, but then left St. Louis without informing the officers.  In February 1992, Black was indicted by a grand jury.  On June 26, 1992, the $11,000 seized during the search of Black's apartment was forfeited to the government pursuant to an administrative forfeiture proceeding.  Black did not contest the forfeiture.  In March 1995, Black was arrested in New York and a superseding indictment was filed.  Black filed numerous pre-trial motions, including a motion to dismiss on double jeopardy grounds and a motion to suppress evidence.  The district court adopted the magistrate judge's[4] recommendations that the motions be denied.  Following a jury trial in which he was convicted, Black appeals.

**II.**

Black raises twelve issues in this appeal, only four of which merit discussion.

---

[4]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri.

**A.  Double Jeopardy Claim**

Black argues that the district court erred in failing to dismiss the indictment.  He contends that the indictment violates the Double Jeopardy Clause of the Fifth Amendment because he was previously subjected to jeopardy by the forfeiture of his property for the same offenses.

Black's claim is foreclosed by the Supreme Court's recent decision in United States v. Ursery, No. 95-345, 1996 WL 340815 (U.S. June 24, 1996), which holds that civil forfeitures generally "do not constitute `punishment' for purposes of the Double Jeopardy Clause."  Id. at *2.  Following the framework set out in United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984), the Court concluded that forfeiture proceedings under 21 U.S.C. § 881 and 18 U.S.C. § 981 are neither punishment nor criminal for purposes of double jeopardy.  Ursery, at *10.  Thus, Black's double jeopardy claim fails.

**B.  Consent to Search**

Black next asserts that the district court erred in finding that he voluntarily consented to the search of his apartment.  Whether consent was voluntarily given depends on the totality of the circumstances.  United States v. Heath, 58 F.3d 1271, 1276 (8th Cir.), cert. denied, 116 S. Ct. 240 (1995).  We review a district court's finding of consent to search for clear error.  Id.

Black contends that the district court erred in discrediting the testimony given by Baudo, the apartment's maintenance man.  Because the district court is in a better position to assess the credibility of the witnesses, its determinations regarding credibility are "virtually unreviewable on appeal."  Id. at 1275.

The district court was confronted with conflicting accounts of the events that occurred prior to the search of Black's apartment and chose to credit the officers' testimony over that given by Baudo. We find no clear error in its decision to do so.

Black also contends that the search was unreasonable because the apartment searched was not the apartment described in the consent form. We disagree. First, Detective Gelhot testified that it was Black who gave the address of 2301 South 13th Street instead of the correct address of 2201 South 13th Street. Detective Gelhot stated that when Black was confronted with the error, he "expressed ignorance" regarding the correct address and continued to believe that the correct address was 2301 South 13th Street. Moreover, there was no possibility that the officers searched the wrong apartment, because no apartment existed at 2301 South 13th Street. The record contained evidence that this mistake was common -- even the apartment lease contained the incorrect address. In addition, of the four numbers listed in the address, the only number present on the apartment building was "0." The rest of the numbers were missing. Furthermore, on prior occasions, the officers had seen Black enter the apartment that was searched. Finally, during the incident in question, Black led the officers to the correct apartment, used his key to open the apartment door, and gave the officers oral consent to search. In these circumstances, the search of the apartment at 2201 South 13th Street was entirely reasonable.

## C.  Reference to Black as "the Jamaican"

Black next contends that the district court abused its discretion in allowing the government to refer to him as "the Jamaican," thereby prejudicing the jury against him. The record reveals that Sammy Lewis, a confidential informant who testified for the government, knew Black only as "Dickie" or "the Jamaican." The record supported the government's contention that "the

Jamaican" was merely a nickname that Black went by.  In addition, none of the statements referring to Black as "the Jamaican" were used in a prejudicial manner.  See United States v. James, 30 F.3d 84, 85 (8th Cir. 1994) (per curiam) (no prejudice when references identifying defendant as Jamaican did not imply that he was involved in criminal enterprise because of his ethnic origin).  Thus, the district court did not abuse its discretion in allowing the witnesses to refer to Black as "the Jamaican."

**D.  Sentence Enhancement**

Black also asserts that the district court erred in enhancing his sentence by four levels for obstruction of justice and for his role in the offense.  We review a district court's factual findings relied on to enhance a defendant's sentence for clear error.  United States v. Pena, 67 F.3d 153, 156-57 (8th Cir. 1995).  The district court imposed a two-level increase for obstruction of justice because Black had given a false name to the officers and had fled the jurisdiction.  The district court also assessed a two-level enhancement because Black was the supervisor of a drug operation involving three or more individuals.  Our review of the record satisfies us that the district court committed no error, for there was ample evidence to support the sentencing enhancements.

**III.**

We have examined the remainder of Black's claims and find them to be without merit.  The conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-