United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1015

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
    v.                                       *
                                             *
Eleni H. Mayer,                              *
                                             *
            Appellant.                       *


_____

No. 97-1016

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
    v.                                       *
                                             *
Kerry A. Mayer,                              *
                                             *
            Appellant.                       *

Appeals from the United States
District Court for the
Southern District of Iowa.


_____

Submitted:  October 23, 1997

Filed:  December 1, 1997

_____

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Eleni H. Mayer and Kerry A. Mayer, both of whom pled guilty to one count of conspiracy to commit mail fraud, a violation of 18 U.S.C. § 371, challenge the district court's order of restitution. In addition, Eleni Mayer appeals the district court's two-level sentence enhancement for her role in the conspiracy. We affirm in part, reverse in part, and remand for a recalculation of the restitution order.

**I.**

Eleni Mayer and her husband, Kerry, operated Fidelity Nursing Services, Inc. (Fidelity). Fidelity provided home health care services, including skilled and unskilled nursing, for numerous patients, most of whom were eligible for Medicare. IASD Health Services Corporation (IASD) acted as fiscal intermediary between Fidelity and the Medicare program. Fidelity submitted all of its Medicare claims through IASD, which reimbursed Fidelity for approved claims. Fidelity also submitted yearly cost reports to IASD for a final year-end reimbursement. IASD commenced an audit of Fidelity after Fidelity's 1994 report reflected a massive increase in costs. During the course of the audit it was revealed that the Mayers had submitted false invoices totaling $253,812.75 and claimed a $222,000 expense for computer equipment that was never purchased.

After their indictment on numerous counts of fraud and conspiracy, the Mayers agreed to plead guilty to conspiracy to commit mail fraud. The district court accepted the plea and sentenced Eleni Mayer to twenty-one months' imprisonment, two years of supervised release, and $496,642.75 in restitution. Kerry Mayer was sentenced to

twelve months and one day of imprisonment, two years of supervised release, and was ordered to pay an identical amount of restitution jointly and severally with his wife.

## II.

Eleni Mayer first challenges the district court's imposition of a two-level sentencing adjustment pursuant to U.S.S.G. § 3B1.1(c) for her managerial role in the criminal activity. "We review a district court's factual findings relied on to enhance a defendant's sentence for clear error." United States v. Black, 88 F.3d 678, 681 (8th Cir. 1996).

The government contends the two-level increase is not reviewable because Eleni's twenty-one month sentence would still be within the guideline range she seeks. Before review of the district court's enhancement may be denied, however, it must be "clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed." United States v. Simpkins, 953 F.2d 443, 446 (8th Cir. 1992). We conclude that because the record as a whole does not suggest with sufficient certainty that the district court would have imposed the same sentence under the lower range, we may review Eleni's sentence. See United States v. Kloor, 961 F.2d 1393, 1394 (8th Cir. 1992) (per curiam).

Federal Rule of Criminal Procedure 32(c)(1) requires that the district court must either make specific findings as to each controverted component of a Presentence Investigation Report (PSR) or make a determination that no finding is necessary because the matter will not be considered during sentencing. See United States v. Flores, 9 F.3d 54, 55 (8th Cir. 1993). We have consistently held that when a defendant objects to portions of the PSR, the district court must base its findings on evidence rather than on the disputed PSR information. See United States v. Hudson, No. 97-2182, slip op. at 2 (8th Cir. Nov. 5, 1997) (per curiam). Eleni objected to the

allegations involving her role in the enterprise contained in paragraphs 28-32 of her PSR, characterizing them as unreliable and largely untrue. The district court did not file Rule 32 findings regarding these objections, instead announcing its findings on the record during the sentencing hearing by stating that "[Eleni] was in a greater role than an ordinary person. She was a manager in this criminal activity. It could not have been done if she had not been in charge."

Eleni contends that the stipulated facts, as incorporated in the her plea agreement, fail to support the district court's two-level enhancement.[1]  The application notes to section 3B1.1 provide:  "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."  U.S.S.G. § 3B1.1, comment. (n.2).  We have construed the definition of leadership or organizational role broadly.  See United States v. Horne, 4 F.3d 579, 590 (8th Cir. 1993).  Our decision in United States v. McFarlane, 64 F.3d 1235 (8th Cir. 1995), has further clarified the issue.  In McFarlane we held that mandatory upward adjustments, such as the district court's enhancement here, require the management or supervision of other participants.  See Id. at 1239.  While control of other participants is an important factor, section 3B1.1 focuses on the "relative responsibility within a criminal organization."  United States v. Bush, 79 F.3d 64, 67 (7th Cir. 1996).

Eleni stipulated that (1) she was the "Administrator of Fidelity Nursing Services, Inc."; (2) she "submitted and caused to be submitted" the fraudulent reports; (3) she, along with Kerry and Evangelos Stathoulopoulos, her nephew, "submitted and caused to be submitted" false invoices; and (4) she wrote two checks to her nephew, purportedly for computer expenses, which he subsequently endorsed and were

---

[1]We note that, pursuant to the plea agreement, the government agreed to stand silent on the defendants' role in the offense, abuse of position of trust, and obstruction of justice.  Accordingly, the district court was presented with nothing beyond the stipulated facts with respect to Eleni's role in the offense.

eventually redeposited in Fidelity's checking account. Although Eleni contends that these stipulated facts are insufficient to show requisite control of her counterparts, we cannot agree.[2] "[E]ven if a defendant did not exercise control, an enhancement under § 3B1.1 'may apply so long as the criminal activity involves more than one participant and the defendant played a coordinating or organizing role.'" Id. (quoting United States v. Granado, 72 F.3d 1287, 1289 (7th Cir. 1995)). We are satisfied that the stipulation, when considered as a whole, demonstrates Eleni's coordinating role in the enterprise. Most telling is Eleni's fraudulent transaction with her nephew, in which, acting as Fidelity's administrator, she attempted to deceive IASD auditors and defraud the Medicare program. Given her husband's admitted minor role, moreover, it is highly doubtful that such a complex scheme could have succeeded without Eleni's close supervision. Accordingly, we hold that the district court did not err in imposing a two-level enhancement.

## III.

Both Eleni and Kerry challenge the district court's calculation of restitution as erroneous. The government, after apparently determining that it could only prove losses due to the false invoices and the payment to Stathoulopoulos, stipulated that the total amount of loss for sentencing guideline purposes was $475,812.75. The Mayers argue, and the government concurs, that the district court erroneously included an additional $20,800 to which they did not stipulate. The "outer limits" of a restitution

---

[2]Eleni argues that the stipulation fails to illustrate her exercise of control over her husband. We believe, however, Eleni's interaction with Stathoulopoulos should also be considered in our review. While the charges against Stathoulopoulos were dismissed, he is considered a "participant" for section 3B1.1 purposes. See U.S.S.G. § 3B1.1, comment. (n.2) ("A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted."). See also United States v. Braun, 60 F.3d 451, 453 (8th Cir. 1995) (defendant's employees, while not charged with any criminal activity, were properly considered "participants").

order are established by the specific conduct underlying the offense of conviction. United States v. Welsand, 23 F.3d 205, 207 (8th Cir. 1994) (citing Hughey v. United States, 495 U.S. 411 (1990)). We agree that the loss stipulated in the Mayers' plea agreement delineates the outer limits of their liability. The Mayers are therefore entitled to a remand for recalculation of the amount of restitution due.

Eleni Mayer's sentence is affirmed. The restitution order is vacated, and the case is remanded to the district court for a recalculation of the amount of restitution.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.