# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2599

_____

Vicente Diaz-Aburto

*Defendant - Appellant*

v.

United States of America

*Plaintiff - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 3, 2019
Filed: July 11, 2019
[Unpublished]

_____

Before KELLY, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Vicente Diaz-Aburto directly appeals after he pled guilty to multiple offenses, under a plea agreement containing an appeal waiver, and the district court[1] sentenced

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

him to a prison term at the bottom of the calculated Guidelines range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), which we construe as arguing that the appeal waiver is unenforceable, that the sentence is illegal or should have been lower, that prosecutorial misconduct occurred, and that Diaz-Aburto received ineffective assistance of counsel.

Upon careful de novo review, we conclude that the appeal waiver is valid and enforceable, and that it applies to the argument that the sentence should have been lower. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (discussing requirements for enforcement of appeal waiver). As to the illegal-sentence and prosecutorial-misconduct arguments, we conclude that they provide no basis for relief, because Diaz-Aburto's prison term was well below the statutory maximum, and nothing in the record indicates there was prosecutorial misconduct. *See Andis*, 333 F.3d at 892 (illegal sentence exception to general enforceability of appeal waiver is extremely narrow exception; any sentence imposed within statutory range is not subject to appeal); *cf. United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015) (discussing requirements for showing prosecutorial misconduct). As to the ineffective-assistance argument, we decline to consider such issues on direct appeal. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal and should be addressed in 28 U.S.C. § 2255 action).

We have also independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we enforce the appeal waiver in part, affirm the judgment without considering any ineffective-assistance issues, and grant counsel's motion to withdraw.

_____