# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2322
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph M. Sims

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 13, 2020
Filed: February 27, 2020
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joseph Sims appeals after he pleaded guilty--pursuant to a Fed. R. Crim. P.
11(c)(1)(C) plea agreement containing an appeal waiver--to a felon-in-possession

offense, and the district court[1] imposed a prison term within the agreed-upon range. On appeal, Sims's counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver, and challenging the substantive reasonableness of Sims's prison term. In pro se briefs, Sims asserts that he received ineffective assistance of counsel, and that his conviction is invalid under Rehaif v. United States, 139 S. Ct. 2191 (2019).

We decline, at this time, to address Sims's ineffective-assistance claims. See United States v. Hernandez, 281 F.3d 746, 749 (2002) (in general, ineffective-assistance claim is not cognizable on direct appeal; such claim is properly raised in 28 U.S.C. § 2255 action). And we conclude that the district court did not plainly err under Rehaif given Sims's prior conviction for unlawful use of a firearm by a felon and his admission at the sentencing hearing that he "knew [he] should not have had that gun because [he did] not have the legal right to possess a firearm." See United States v. Williams, 776 F. App'x 387, 388 (8th Cir. 2019). As to the substantive-unreasonableness issue, we enforce the appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (this court reviews de novo validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and grant counsel leave to withdraw.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.