# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1824

_____

United States of America,      *
                                         *

            Appellee,        *

                                           *     Appeal from the United States

      v.                                  *     District Court for the

                                           *     Northern District of Iowa.

Rogelio Hernandez, Jr., also known     *
as Ro,                                    *

                                           *

            Appellant.       *

_____

Submitted: December 11, 2001

Filed: February 26, 2002

_____

Before WOLLMAN,[1] Chief Judge, HANSEN, Circuit Judge, and FENNER,[2] District
Judge.

_____

WOLLMAN, Chief Judge.

_____

[1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on January 31,
2002. He has been succeeded by the Honorable David R. Hansen.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri, sitting by designation.

Rogelio Hernandez, Jr. appeals the district court's[3] denial of his motion to suppress statements he made to law enforcement officers following his arrest. We affirm.

**I.**

At 8:00 p.m. on April 3, 2000, Hernandez was arrested in his apartment building after being indicted by a federal grand jury for conspiracy to distribute methamphetamine. The arresting agents placed Hernandez in a police car and then read him his <u>Miranda</u> warnings. Hernandez indicated that he understood the warnings and asked why he was being arrested. After being informed of the indictment, Hernandez indicated that he had been involved in drug trafficking. Hernandez gave detailed information about his drug trafficking activities after his arrival at the law enforcement headquarters, where he was interviewed for approximately two hours. The following morning, Hernandez was brought before a magistrate judge for an initial appearance.

Hernandez filed a motion to suppress the statements made during his April 3 interview. Hernandez objected to the magistrate judge's finding that he did not request an attorney following his arrest and that he waived his Sixth Amendment right to have counsel present during his interrogation. He also objected to the finding that there was no unnecessary delay between his arrest and his initial appearance before the magistrate judge. After conducting a de novo review of the magistrate judge's report and recommendation, the district court concluded that Hernandez's objections were without merit and denied the motion. The jury found Hernandez guilty of conspiracy to distribute methamphetamine, and the district court sentenced him to 360 months' imprisonment. On appeal, Hernandez contends that the district court

---

[3]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

erred in denying the motion to suppress and argues that his trial counsel was ineffective for failing to challenge the constitutionality of 21 U.S.C. §§ 841(b)(1)(A) and (B).

## II.

We review the district court's denial of a motion to suppress de novo. United States v. Holloway, 128 F.3d 1254, 1255-56 (8th Cir. 1997); United States v. Morgan, 91 F.3d 1193, 1195 n.3 (8th Cir. 1996). We review for clear error the district court's factual findings. Holloway, 128 F.3d at 1256.

Hernandez argues that his testimony regarding his alleged requests for counsel during his arrest and interview and his claim that Miranda warnings were not given was more credible than the conflicting testimony of the arresting officers. "Because the district court is in a better position to assess the credibility of the witnesses, its determinations regarding credibility are 'virtually unreviewable on appeal.'" United States v. Black, 88 F.3d 678, 680 (8th Cir. 1996) (quoting United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995)). We find no clear error in the district court's decision to credit the officers' testimony on these questions.

Hernandez contends that any waiver of his right to counsel was not effective because the Miranda warnings were not sufficient to inform him of his rights in a post-indictment interview regarding a federal crime. The Supreme Court held in Patterson v. Illinois, 487 U.S. 285 (1988), that Miranda warnings are sufficient to advise a defendant of his Sixth Amendment right to counsel and that a valid waiver after Miranda warnings is a knowing waiver for Sixth Amendment purposes. Id. at 296. Hernandez's argument that Patterson is distinguishable because his case involves the federal sentencing guidelines and the Federal Rules of Criminal Procedure rather than a state prosecution is without merit. See, e.g., United States v.

<u>Bryson</u>, 110 F.3d 575, 582 (8th Cir. 1997); <u>United States v. Washington</u>, 109 F.3d 459, 465 (8th Cir. 1997).

Hernandez also argues that his statements must be suppressed because the failure to bring him before the magistrate judge until the following morning constituted an unnecessary delay within the meaning of the Federal Rules of Criminal Procedure.[4] We disagree, for the overnight delay was neither excessive nor unnecessary. <u>See, e.g.</u>, <u>United States v. Boyer</u>, 574 F.2d 951, 955 (8th Cir. 1978) (holding a twenty-hour delay did not violate Fed. R. Crim. P. 5(a) when defendant was arrested at 3:30 p.m., questioned for approximately two hours, and taken to the magistrate the following morning). Hernandez was not arrested until 8:00 p.m., and he was subsequently interviewed for just over two hours. It was not unreasonable for the officers to wait until the following morning, a total delay of approximately fifteen hours, to bring Hernandez before a magistrate judge.

Finally, Hernandez argues that his trial counsel was ineffective for failing to raise a constitutional challenge to 21 U.S.C. §§ 841(b)(1)(A) and (B). "In general, 'an ineffective assistance of counsel claim is not cognizable on direct appeal. Instead, such a claim is properly raised in a 28 U.S.C. § 2255 action.'" <u>United States v.</u>

---

[4]Rule 9(c)(1) of the Federal Rules of Criminal Procedure states, in relevant part, that upon arrest pursuant to a warrant issued upon an indictment:

> The officer executing the warrant shall bring the arrested person without unnecessary delay before the nearest available federal magistrate judge or, in the event that a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.

We note that the district court cited Fed. R. Crim P. 5(a), which is applicable to arrests made under warrants issued upon a complaint or arrests made without a warrant, rather than Rule 9(c)(1), which governs in this case.

Brown, 183 F.3d 740, 743 (8th Cir. 1999) (quoting United States v. Millard, 139 F.3d 1200, 1209-10 (8th Cir. 1998)). "We will consider an ineffective assistance of counsel claim on direct appeal only in exceptional cases where the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice." Brown, 183 F.3d at 743. Neither exception applies here, and thus we decline to address the ineffective assistance of counsel claim at this time.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.