# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2847

_____

United States of America,

        Appellee,

v.

Kurt Robert Davis,

        Appellant.

\*   Appeal from the United States
\*   District Court for the Western
\*   District of Arkansas.

\*   [UNPUBLISHED]

_____

Submitted: December 23, 2003

Filed: December 30, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Following sentencing upon his conditional guilty plea to being a felon in possession of firearms, Kurt Robert Davis appeals the district court's[1] denial of his motion to suppress evidence seized from his residence. We have carefully reviewed

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas adopting the report and recommendations of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas.

the record, and conclude the district court did not clearly err in finding that Davis's consent to the search at issue was voluntary.

Davis argues that his consent was not voluntary because he had been drinking alcohol at the time and he was effectively prevented from leaving his property, but the district court was entitled to credit a police officer's testimony that Davis did not appear intoxicated:  his speech was not slurred, and he did not have trouble walking, moving, or talking.  The court also was entitled to credit the officer's testimony that Davis had been free to leave at the time he gave his consent, despite Davis's contrary testimony.  See United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002) (district court's decision at suppression hearing to credit police officer's testimony was not clearly erroneous, even though officer's testimony conflicted with defendant's; district court was in better position to assess credibility of witnesses); United States v. Gipp, 147 F.3d 680, 686 (8th Cir. 1998) (rejecting contention that appellant could not have voluntarily consented because he was under influence of drugs; officers testified that appellant answered their questions intelligently, behaved rationally, and except for some nervous behavior, appeared normal); United States v. Hathcock, 103 F.3d 715, 719-20 (8th Cir. 1997) (court must examine environment in which consent was given, including how long individual was detained and whether individual (1) was threatened, physically intimidated, or punished by police; (2) relied upon police's promises or misrepresentations; (3) was in custody or under arrest; (4) was in public or secluded place; and (5) objected to search), cert. denied, 521 U.S. 1127 (1997).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____