# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3000

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Myron Lockwood Gill, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 24, 2004
Filed: July 1, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Myron Lockwood Gill challenges his convictions and the sentence imposed by the district court[*] after a jury found Gill guilty of being a felon in possession of a firearm and knowingly possessing an unregistered sawed-off shotgun. Gill's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court committed clear error in denying Gill an acceptance-of-responsibility reduction because Gill admitted his guilt

_____

[*]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

during the traffic stop that led to his arrest. In his pro se brief, Gill contends he was unfairly and prejudicially denied pretrial release; the district court committed error in denying his suppression motion; the government failed to establish beyond a reasonable doubt he possessed a shotgun; a Bureau of Alcohol, Tobacco and Firearms agent should not have been allowed to testify on fingerprinting issues; the district court gave the jury a confusing answer when asked whether knowing an item was in one's presence qualified as possession; his presentence report contained one-sided information; and he received ineffective assistance of counsel. Gill also seeks new appellate counsel.

The district court did not commit clear error in denying Gill an acceptance-of-responsibility reduction. Although Gill admitted before his arrest the shotgun was his, he put the government to its burden at trial by later denying possession of the shotgun underlying his convictions. See U.S.S.G. § 3E1.1, comment. (n.2); United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review).

We also reject Gill's pro se arguments. Gill never sought an expedited appeal of the detention order, and the issue is now moot. The denial of Gill's suppression motion is supported by testimony that the driver of the car in which Gill was riding reported during a valid traffic stop that a shotgun was in the car and Gill later spontaneously admitted to police the weapon was his. See United States v. Linkous, 285 F.3d 716, 719 (8th Cir. 2002) (traffic stop); United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002) (credibility of witnesses); United States v. Morgan, 270 F.3d 625, 630 (8th Cir. 2001) (standard of review), cert. denied, 537 U.S. 849 (2002); United States v. Hawkins, 102 F.3d 973, 975 (8th Cir. 1996) (spontaneous admission), cert. denied, 520 U.S. 1179 (1997). We also conclude sufficient evidence supported both jury verdicts; Gill's ineffective-assistance claims are more properly raised in 28 U.S.C. § 2255 proceedings, see United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998); and his remaining pro se arguments lack merit.

Having carefully reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  We thus affirm the district court.  We also grant counsel's motion to withdraw, and we deny Gill's motion for new appellate counsel.

_____