# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1009

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Rickey Don Barnes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2004
Filed: September 20, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Police received a report that Rickey Don Barnes was shooting at some people from his back yard. Two officers responded. People near Barnes's house told the officers that Barnes had been shooting a .22 rifle at them and had gone back inside his house. The officers went to the back of Barnes's home and saw him standing just inside the storm door. The officers asked Barnes to step outside. One officer testified Barnes motioned for the officers to step inside, and the other officer testified Barnes "hollered" for them to enter the residence. After Barnes stepped back into a bedroom of the house, the officers entered the house and again asked Barnes to step outside. Barnes met the two officers on the back porch. One of the officers patted Barnes

down and explained why they were there. Barnes then said, "Come in here, I want to show you something." Barnes went back into the house, followed by the two officers. Barnes went back into the bedroom and walked over to a dresser. One of the officers stepped into the room. Barnes picked up a .22 caliber starter pistol and gave it to the officer. Barnes said he had been threatened by a group of people and fired the pistol to frighten them away. The officer told Barnes the witnesses reported he had fired a rifle, and Barnes responded, "There's not any more guns in this house, you can look all you want to, I don't own any guns." Looking into the bedroom through the crack between the door's hinged side and the door frame, the other officer saw the rifle propped up in the corner. The officer told the other officer he could see a rifle, and the officers seized the gun.

The Government later charged Barnes, a six-time felon, with being a felon in possession of a firearm. See 18 U.S.C. § 922(g). Barnes filed a motion to suppress the rifle, asserting he did not consent to the officers' entry of his home or their search for a gun. After the district court[*] denied Barnes's motion to suppress, Barnes conditionally pleaded guilty. Barnes now appeals the denial of his motion to suppress, and we affirm.

On appeal, Barnes contends the testimony of the police officers was inconsistent and incredible, and thus, the district court's reliance on the officers' testimony in finding Barnes consented to the search was clearly erroneous. Barnes points to the testimony of his aunt, who arrived after the officers were already coming into the house. According to Barnes's aunt, the officers found the rifle in a second bedroom and she did not hear the officers request consent to search. "'Because the district court is in a better position to assess the credibility of the witnesses, its determinations regarding credibility are "virtually unreviewable on appeal."'" United

---

[*]The Honorable R. Richard Webber, United States District Judge for the Eastern District of Missouri.

States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002) (quoted cases omitted). We conclude the district court's decision to credit the officers' testimony regarding Barnes's consent is not clearly erroneous. See id. Any inconsistencies in the officers' testimony about the manner Barnes indicated the officers could enter his house the first time, the history about Barnes's dispute with his neighbors, the direction that the bedroom door opened, and the timing of a third officer's arrival, are minor and immaterial to the issue of Barnes's consent for the officers to enter his home the second time and to look around for guns. Besides, the district court could properly credit the officers' testimony that one of them saw the rifle in plain view. See United States v. Gillon, 348 F.3d 755, 759 (8th Cir. 2003).

We thus affirm the denial of Barnes's motion to suppress.

_____