# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1722

_____

United States of America,       *
      *
      Appellee,       *
      *   Appeal from the United States
      v.       *   District Court for the Southern
      *   District of Iowa.
Gregory Phinton Glenn,       *
      *   [UNPUBLISHED]
      Appellant.       *

_____

Submitted: November 18, 2010
Filed: November 26, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Gregory Glenn challenges the district court's[1] judgment, entered after a bench trial, finding him guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (g)(9), and 924(a)(2); and denying his motion to suppress statements he made to a police officer. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he argues that the evidence was insufficient to support the district court's conclusion that Glenn possessed the firearm and ammunition and that

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

the court erred in denying the suppression motion. Glenn has filed a pro se supplemental brief in which he argues that physical evidence from an apartment should have been suppressed because officers lacked a search warrant; and that Glenn's statements to the police officer should have been suppressed because Glenn was unlawfully seized at the time he made the statements. For the following reasons, we affirm.

As to denial of the suppression motion, we agree with the district court that the government's evidence showed that Glenn voluntarily and knowingly waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and that the police officer who interviewed Glenn correctly informed Glenn of the nature of the Miranda acknowledgment form Glenn initialed and signed. See United States v. Phillips, 506 F.3d 685, 687 (8th Cir. 2007) (per curiam) (criminal suspect may waive constitutional rights protected by Miranda, but waiver must be voluntary, knowing, and intelligent, i.e., it must be product of free and deliberate choice rather than intimidation, coercion, or deception, and suspect must have full awareness of both nature of right being abandoned and consequences of decision to abandon it); United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002) (appellate court reviews findings of fact on order denying motion to suppress for clear error; legal conclusions are reviewed de novo). As to the sufficiency of the evidence, we conclude that the witness testimony that the court found credible supported a finding that Glenn possessed a firearm and ammunition; and Glenn does not dispute that he suffered the predicate convictions or that the firearm and ammunition traveled in interstate commerce. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (on appeal from conviction after jury trial, appellate court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in favor of government, accepting all reasonable inferences that support verdict, and neither weighing evidence nor assessing credibility of witnesses); United States v. White, 506 F.3d 635, 641 (8th Cir. 2007) (standard of review for sufficiency-of-evidence challenge after bench trial is same as standard applied when reviewing jury verdict); United States v. Brown, 422

F.3d 689, 691-92 (8th Cir. 2005) (to convict individual of being felon in possession of firearm under § 922(g)(1), government has to prove beyond reasonable doubt that (1) individual had previously been convicted of crime punishable by term of imprisonment exceeding one year; (2) individual knowingly possessed firearm; and (3) firearm had been in or had affected interstate commerce).

We also conclude that Glenn's pro se arguments are waived, because Glenn did not include those arguments in his motion to suppress, or in separate motions to suppress, before the district court. See United States v. Henderson, 613 F.3d 1177, 1182 (8th Cir. 2010) (Federal Rule of Criminal Procedure 12(b)(3)(C) and (e) provide that motions to suppress evidence must be raised before trial or are waived, and waiver provision applies not only to failure to make pretrial motion, but also failure to include particular argument in motion; by not raising suppression argument below, defendant waives claim, rendering it unreviewable on appeal).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____