# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1443

_____

Dustin L. Worthey

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 21, 2018
Filed: March 22, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Federal inmate Dustin L. Worthey appeals after the district court[1] denied his 28 U.S.C. § 2255 motion following a hearing. The district court granted a certificate of appealability on Worthey's claims that trial counsel was ineffective for failing to

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

request a continuance after the disclosure of new evidence, and for failing to call Worthey to testify at trial. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court agrees that Worthey's counsel did not provide ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (ineffective-assistance claim requires showing of both deficient performance and resulting prejudice); *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) (standard of review). Worthey did not show that counsel performed deficiently in failing to request a continuance, as counsel tried to have the new evidence excluded, did not commit an error that led to the need for a continuance, and attempted to discredit the evidence and its admission at trial; and the court credited counsel's hearing testimony that Worthey did not want a continuance. *See Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (review of counsel's performance is "highly deferential"); *United States v. Hernandez*, 281 F.3d 746, 748 (8th Cir. 2002) (witness credibility determinations are "virtually unreviewable" on appeal). Worthey also did not show how a continuance would have changed the trial outcome.

Worthey did not establish deficient performance in counsel's failure to call him to testify at trial, as counsel believed Worthey should not testify, and the court credited counsel's hearing testimony that Worthey did not want to testify. *See Bucklew v. Luebbers*, 436 F.3d 1010, 1017-20 (8th Cir. 2006) (counsel not ineffective for not calling witness who would damage the case or whose testimony would be cumulative); *Hernandez*, 281 F.3d at 748 (witness credibility determinations virtually unreviewable); *Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir. 1996) (counsel's strategic decisions are virtually unreviewable); *United States v. Bernloehr*, 833 F.2d 749, 752 (8th Cir. 1986) (where attorney rested without calling defendant to testify, "the accused must act affirmatively" if he wishes to testify). Worthey failed to show how his testimony would have changed the trial outcome.

The judgment is affirmed.

_____