# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 18-1197

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Allyssa D. Samm

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: August 20, 2018
Filed: August 23, 2018
[Unpublished]

——————————

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Allyssa Samm directly appeals the below-Guidelines-range sentence the district court[1] imposed after she pleaded guilty to a drug charge under a plea agreement

———————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

containing an appeal waiver. Samm's counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the reasonableness of Samm's sentence, as well as raising the legality of Samm's sentence, the court's drug-quantity calculation, the prosecutor's conduct during trial, and ineffective assistance of counsel as other possible issues for us to consider on appeal.

None of the issues raised in Samm's *Anders* brief has merit. The appeal waiver, which Samm entered into voluntarily and knowingly, prevents her from challenging both the substantive reasonableness of her sentence and the drug-quantity calculation on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (discussing the enforcement of appeal waivers). Enforcing the appeal waiver would not "constitute a miscarriage of justice." *Id.* at 894.

Although the illegal-sentence and prosecutorial-misconduct claims are outside the scope of the appeal waiver, Samm's below-Guidelines-range sentence is legal, *see Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (explaining that an unlawful or illegal sentence is one imposed without, or in excess of, statutory authority), and nothing in the record indicates that the prosecutor committed misconduct at Samm's trial. Finally, we do not consider Samm's ineffective-assistance-of-counsel claims because this is not an "exceptional" case in which the district court "has [already] developed a record" on the claims or a "plain miscarriage of justice" would result from our failure to address them on direct appeal. *United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2001) (citation omitted).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____