# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2425
_____

United States of America

*Plaintiff - Appellee*

v.

Elisardo Meza

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: March 6, 2019
Filed: March 11, 2019
[Unpublished]
_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Elisardo Meza directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to a drug offense pursuant to a plea agreement that contained an appeal waiver. His counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), suggesting that the sentence is unreasonable, but acknowledging the appeal waiver. Meza filed a supplemental brief asserting that counsel was ineffective, that the district court failed to adequately explain its sentencing decision, and that the court erred by not recommending him for the Residential Drug Abuse Program.

We decline, at this time, to consider ineffective-assistance issues. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002) (noting that, in general, an ineffective-assistance claim is not cognizable on direct appeal and that such a claim is properly raised in a 28 U.S.C. § 2255 action). As to the remaining issues, we enforce the appeal waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). To the extent that the appeal waiver does not cover Meza's argument about his placement in the Residential Drug Abuse Program, we find that the district court did not commit reversible error by declining to recommend him for it. *Cf. Tapia v. United States*, 564 U.S. 319, 331 (2011) (explaining that, although the "sentencing court can *recommend*" the Residential Drug Abuse Program, the "decisionmaking authority rests with the [Bureau of Prisons]").

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and grant counsel leave to withdraw.

—————————————————