# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2684

_____

United States of America

*Plaintiff - Appellee*

v.

Robert J. Odell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: March 13, 2019
Filed: March 22, 2019
[Unpublished]

_____

Before ERICKSON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Robert Odell directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to a firearm offense, pursuant to a plea agreement

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

containing an appeal waiver.  In a brief filed under Anders v. California, 386 U.S. 738 (1967), his counsel suggests that the court imposed an unreasonable sentence that did not adequately address the 18 U.S.C. § 3553(a) factors.  Counsel also acknowledges the appeal waiver and moves for leave to withdraw.  In a pro se brief, Odell asserts that his counsel misadvised him regarding sentencing matters.

We decline, at this time, to consider any claims for ineffective assistance of counsel.  See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).  As to the remaining issues, we enforce the appeal waiver.  See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver.  Accordingly, we dismiss this appeal, and grant counsel leave to withdraw.

_____