# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1925

_____

United States of America

*Plaintiff - Appellee*

v.

David E. Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for th e Western District of Missouri - Kansas City

_____

Submitted: August 5, 2019
Filed: August 22, 2019
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

David Clark directly appeals after the district court[1] revoked his supervised release, and sentenced him to 6 months in prison and 24 months of supervised release.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

His counsel has moved for leave to withdraw, and has filed a brief challenging the sentence. Clark has filed a pro se brief challenging the sufficiency of the evidence to support the violations.

After careful review of the record, we conclude that the district court did not abuse its discretion in sentencing Clark, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. Miller, 557 F.3d 910, 915-18 (8th Cir. 2009) (substantive reasonableness of revocation sentence is reviewed under deferential abuse-of-discretion standard); see also United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) factor when sentencing defendant upon revocation; all that is required is consideration of relevant matters and some reason for court's decision); and the sentence was within the advisory Guidelines range, and below the statutory limit, see 18 U.S.C. § 3583(e)(3).

As to Clark's pro se argument, we note that he stipulated to the violations through counsel, and he did not contradict that stipulation in allocution. See United States v. Hernandez-Hernandez, 431 F.3d 1212, 1219 (9th Cir. 2005) (criminal defendants are bound by admissions of fact made by their counsel in their presence and with their authority). To the extent Clark attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____