# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2544
_____

United States of America

*Plaintiff - Appellee*

v.

Kelly Everett Mitchell

*Defendant - Appellant*

_____

No. 19-2545
_____

United States of America

*Plaintiff - Appellee*

v.

Kelly Everett Mitchell

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 16, 2020
Filed: April 21, 2020
[Unpublished]
_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Kelly Mitchell appeals the sentence imposed by the district court[1] after he pleaded guilty to drug offenses in two separate cases-- instituted by separate indictments--which were consolidated prior to the sentencing hearing. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Mitchell has filed a pro se brief.

Upon careful review, we conclude that the district court did not err in determining the quantity and purity of methamphetamine attributable to Mitchell. See United States v. Sheridan, 859 F.3d 579, 583 (8th Cir. 2017) (in resolving disputed issues of fact at sentencing, court may consider relevant information without regard to its admissibility under rules of evidence applicable at trial, provided information has sufficient indicia of reliability to support its probable accuracy) (quotations and citation omitted); United States v. Long, 532 F.3d 791, 796 (8th Cir. 2008) (the government may prove the total quantity of actual methamphetamine in a series of transactions by testing the purity of a seized quantity and applying the percentage of actual methamphetamine in the tested quantity to the unrecovered quantities).

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

We further conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a), did not err in weighing the relevant factors, and imposed a sentence within the Guidelines range. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

To the extent Mitchell attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm.

_____