# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1421

_____

United States of America

*Plaintiff - Appellee*

v.

Arthur Tyrone Lee, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 20, 2020
Filed: July 24, 2020
[Unpublished]

_____

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Arthur Lee appeals after a jury convicted him of possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking offense, *see* 18 U.S.C. § 924(c), and possession of a firearm by a person previously convicted of an offense punishable by more than one

year in prison, *see* 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 360 months in prison. The evidence at trial showed that investigators seized a .45 caliber pistol, ammunition, and methamphetamine during a search of a house leased by Lee. The parties stipulated at trial that before the date of the search, Lee had been convicted of a crime that was punishable by a term of imprisonment of more than one year. At sentencing, the record showed that Lee had sustained three prior felony convictions in Iowa and served more than a year in prison on two of them after revocations of probation. R. Doc. 104, ¶¶ 51, 56, 57.

Lee's counsel originally moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Counsel argued that the prosecutor appealed to racial bias when he used the term "slave" during opening statement and closing argument. In an opening statement, the prosecutor said that "[a]ccording to an ancient proverb, a secret can be your slave if it's kept; but once it's disclosed, it can quickly become your master." The prosecutor continued that Lee "possessed such a secret, a secret that when he quietly kept it was an incredibly profitable one; but when he lost it, it threatened to become his master." In closing argument, the prosecutor sounded a similar theme, referring to Lee's stash house as his "secret" that he could make a "slave" until the secret was exposed. Lee did not object to these statements during the trial. Counsel also maintained in the *Anders* brief that there was insufficient evidence to support the verdicts. Lee filed a pro se brief raising a claim of ineffective assistance of counsel.

We denied counsel's motion to withdraw and ordered supplemental briefing to address whether, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), there was a plain error warranting relief on the sufficiency of evidence. *Rehaif* held that in a prosecution for unlawful possession of a firearm under § 922(g), the government

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

must prove that the defendant knew he belonged to category of persons barred from possessing a firearm. *Id*. at 2200.

In his supplemental brief, Lee argues that the stipulation at trial that he had been convicted of a crime punishable by more than a year in prison was insufficient to satisfy the knowledge element under § 922(g)(1). Lee also argues that if the § 922(g) conviction is reversed, then he is entitled to a new trial on Counts 1 and 2, because the evidence of his prior conviction was irrelevant to those counts and prejudicial.

After considering the supplemental briefs and relevant authorities, we conclude that the evidence was sufficient to support Lee's conviction for unlawful possession of a firearm. Lee made a general motion for judgment of acquittal at the close of the government's case, so we assume for the sake of analysis that he preserved a challenge to the sufficiency of the evidence on the knowledge element under § 922(g). *See United States v. Owens*, No. 19-1516, 2020 WL 3980243, at *5 (8th Cir. July 15, 2020); *United States v. May*, 476 F.3d 638, 640 (8th Cir. 2007). During trial, Lee stipulated that he had been convicted of an offense punishable by more than a year in prison. A rational jury could have inferred from the stipulation that Lee knew about his status as a person convicted of such an offense. It is reasonable to infer that "a felony conviction would be a significant life event that a person would know about when it happened and remember at a later date." *Owens*, 2020 WL 3980243, at *5. And "it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment." *Id*. (quoting *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020)). We therefore uphold the conviction under § 922(g)(1). *Accord United States v. Staggers*, 961 F.3d 745, 754 (5th Cir. 2020).

As to the arguments raised in the *Anders* brief, we conclude that the district court did not plainly err in allowing the prosecutor's comments during opening

statement and closing argument. The remarks, when viewed in context, did not invoke racial biases and did not deprive Lee of a fair trial. We also conclude there was sufficient evidence presented at trial to support Lee's convictions on Counts 1 and 2. Witness testimony, Lee's rental of the house, and indicia of residency found in the locked north bedroom reasonably supported a finding that Lee possessed the methamphetamine and firearm found in the house, that he intended to distribute the drugs, and that he possessed the firearm in furtherance of a drug trafficking offense.

Insofar as Lee asserts that he received ineffective assistance of counsel, we decline to address the claim in this direct appeal. Any such claim may be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002).

The judgment of the district court is affirmed.

_____