# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3474

_____

United States of America

*Plaintiff - Appellee*

v.

Nathaniel L. Wilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 16, 2021
Filed: June 18, 2021
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Nathaniel Wilson appeals the sentence the district court[1] imposed after he pleaded guilty to threatening a federal law enforcement officer, pursuant to a plea

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

agreement containing an appeal waiver. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002) (stating that in general, an ineffective-assistance claim is not cognizable on direct appeal and is properly raised in a 28 U.S.C. § 2255 action). Counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of Wilson's sentence. Wilson has filed a pro se brief in which he also challenges the sentence, and contends that counsel did not properly defend him in the district court.

We conclude that the appeal waiver is valid, enforceable, and applicable to Wilson's challenge to his sentence. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). To the extent Wilson intended to raise a claim of ineffective assistance of counsel, we decline to address it on direct appeal. *See Hernandez*, 281 F.3d at 749.

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel leave to withdraw and dismiss this appeal.

_____