# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2310
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffery Wayne Taylor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 26, 2022
Filed: February 9, 2022
[Unpublished]
_____

Before LOKEN, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Jeffery Taylor appeals after the district court[1] convicted him of drug offenses following a bench trial. His counsel has moved for leave to withdraw, and has filed

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the conviction and the sentence. Taylor has filed a pro se brief raising additional issues.

As to counsel's arguments, we conclude that the district court did not abuse its discretion in denying Taylor's motion to disclose the identity of a confidential informant, as the trial evidence showed that the informant's identity was not material, <u>see</u> <u>Roviaro v. United States</u>, 353 U.S. 53, 62 (1957) (there can be no fixed rule for disclosure of informant's identity, courts must consider the particular circumstances of each case, including the crime charged, the possible defenses, and the possible significance of the informant's testimony); <u>United States v. Crenshaw</u>, 359 F.3d 977, 1005 (8th Cir. 2004) (district court's refusal to require disclosure is reviewed for abuse of discretion; defendant has burden of showing that the need for disclosure outweighs the government's privilege to withhold the identity of its informant); or in admitting audio recordings of controlled buys conducted with the informant, <u>see</u> <u>United States v. Emmert</u>, 825 F.3d 906, 909 (8th Cir. 2016) (evidentiary rulings are reviewed for abuse of discretion).

We also conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). Further, the court imposed a sentence below the Guidelines range. <u>See</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

As to Taylor's pro se arguments, we conclude that his Confrontation Clause rights were not violated, as the informant's statements on the audio recordings were not testimonial. See Crawford v. Washington, 541 U.S. 36, 68 (2004) (Confrontation Clause applies only to testimonial statements); United States v. Lee, 374 F.3d 637, 649 (8th Cir. 2004) (unobjected-to Confrontation Clause violation is reviewed for plain error). To the extent Taylor attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____