United States Court of Appeals

For the Eighth Circuit

_____

No. 22-1823

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: August 25, 2022
Filed: August 30, 2022
[Unpublished]

_____

Before SHEPHERD, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Matthew Carter appeals after a jury convicted him of possessing child pornography and the district court[1] sentenced him to 180 months in prison. His

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging his sentence. Carter has filed a pro se brief challenging his conviction.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). Further, the court imposed a sentence below the Guidelines range. <u>See</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

As to the arguments in Carter's pro se brief, we conclude that there was sufficient evidence to support his conviction, <u>see</u> <u>United States v. Timlick</u>, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); <u>United States v. Spears</u>, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt); and we decline to address his ineffective-assistance claim in this direct appeal, <u>see</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____