# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2864
_____

United States of America

*Plaintiff - Appellee*

v.

Jess Tyler Johnson, also known as Jess Tylor Johnson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 5, 2024
Filed: January 10, 2024
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jess Johnson appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense. His counsel has moved for leave to withdraw, and

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence. Johnson has filed a pro se brief restating counsel's arguments.

Upon careful review, we conclude that the district court correctly determined that Johnson was a career offender and correctly calculated his Guidelines range. <u>See</u> <u>United States v. Turner</u>, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo). We also conclude that the court did not impose a substantively unreasonable sentence, as it properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentences for substantive reasonableness under deferential abuse-of-discretion standard; abuse of discretion occurs when the court fails to consider relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors). Further, the court imposed a sentence below the Guidelines range. <u>See</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when the district court has varied below the Guidelines range, it is "nearly inconceivable" that the court abused its discretion in not varying further).

We further conclude that Johnson failed to show the district court judge was unprepared or biased. <u>See</u> <u>United States v. Waters</u>, 799 F.3d 964, 975 (8th Cir. 2015) (this court presumes district court adequately considered written and oral arguments presented by defendant); <u>United States v. Oaks</u>, 606 F.3d 530, 536-37 (8th Cir. 2010) (judge is presumed impartial, and party seeking disqualification bears substantial burden of proving otherwise). We decline to address in this direct appeal Johnson's claim that counsel was ineffective. <u>See</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal.  Accordingly, we affirm the judgement, and grant counsel's motion to withdraw.

_____