# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 24-1528

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Terry L. Christianson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: July 29, 2024
Filed: August 5, 2024
[Unpublished]

——————————

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Terry Christianson appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses, pursuant to a plea agreement containing

———————————

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the sentencing issue raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We decline to address Christianson's ineffective-assistance-of-counsel claim in this direct appeal. <u>See</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and grant counsel's motion to withdraw.

_____