# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3519
_____

United States of America,

*Plaintiff - Appellee,*

v.

Douglas Turner,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 27, 2024
Filed: January 14, 2025
_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.
_____

COLLOTON, Chief Judge.

Douglas Turner was convicted of possession of child pornography. On appeal, Turner challenges the district court's[1] denial of his motion to suppress evidence. We conclude that there is no reversible error, and therefore affirm the judgment.

---

[1]The Honorable D.P. Marshall, Jr., then Chief Judge, now United States District Judge for the Eastern District of Arkansas.

## I.

Turner argues on appeal that statements he made during an interrogation in May 2018 should have been suppressed. At the time, Turner was an inmate at a correctional facility. He contends that investigators subjected him to custodial interrogation without warnings in violation of the rule set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966).

In October 2017, Turner was serving a term of imprisonment after a previous conviction for possession of child pornography. A prison guard caught Turner with a cell phone in his bunk. Inmates were forbidden to possess a cell phone in the prison.

Several months later, in May 2018, prison officials summoned Turner to an interview with Special Agent Johnson of the FBI and Lieutenant Flint, an investigator with the Bureau of Prisons. Prison guards escorted Turner from his housing unit, through a series of gates and doors, to the meeting location. The interview took place in a medium- to large-sized conference room with a long table, windows, and comfortable chairs. Turner was seated at the table without restraints. Agent Johnson wore plain clothes and did most of the questioning. Neither Johnson nor Flint was armed.

Agent Johnson began by telling Turner that he did not have to answer any of Johnson's questions and that he was not in Johnson's custody. Johnson had a "soft spoken" and "gentle" demeanor during the interview, and did not use deception. Johnson and Flint sought to determine where Turner obtained the cell phone that was found in his bunk and to learn what they could about the circumstances related to the phone. Turner told the investigators that he received the cell phone from another inmate and used it to view child pornography. After the interview, prison guards escorted Turner back to his housing unit.

A grand jury charged Turner with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Turner moved to suppress statements that he made during the interview with Johnson and Flint on the ground that the agents subjected him to custodial interrogation without *Miranda* warnings. The district court concluded that Turner was not in custody during the interview, and denied the motion to suppress. A jury convicted Turner of possession of child pornography, and the district court imposed sentence. We review the district court's factual findings for clear error, and its legal determination on "custody" *de novo*. *United States v. Axsom*, 289 F.3d 496, 500 (8th Cir. 2002).[2]

II.

The facts surrounding the interview are largely undisputed. Turner does argue on appeal that the district court clearly erred in finding that Agent Johnson had a "gentle" demeanor during the interview, and that Johnson told Turner that he did not have to answer any questions. The findings, however, were based on Johnson's testimony, and the court found that Johnson's testimony was credible. Credibility findings are virtually unreviewable on appeal, *United States v. Hernandez*, 281 F.3d 746, 748 (8th Cir. 2002), and Turner points to nothing that would justify declaring Johnson's testimony so implausible that it could not be credited. Although Lieutenant Flint did not recall hearing Agent Johnson tell Turner that he was not required to answer questions, the court permissibly credited Johnson's testimony

---

[2]At trial, Turner objected to admission of his statements on the ground that they were not made voluntarily, and the district court overruled the objection. Turner did not raise involuntariness as a basis to suppress statements before trial as required by Federal Rule of Criminal Procedure 12(b)(3)(C). His brief on appeal lists the voluntariness of his confession as an issue, but the brief does not develop an argument that statements were involuntary or that it was permissible to raise the issue for the first time during trial. We therefore decline to consider the issue further. *See United States v. Ruzicka*, 988 F.3d 997, 1006 (8th Cir. 2021).

about what he said during the interview. *See United States v. Johnston*, 353 F.3d 617, 625 (8th Cir. 2003).

Turner maintains that the district court erred by concluding that he was not "in custody" for purposes of *Miranda* when he was interrogated at the prison. Ordinarily, "[t]he ultimate question in determining whether a person is in 'custody' for purposes of *Miranda* is 'whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *United States v. Czichray*, 378 F.3d 822, 826 (8th Cir. 2004) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). The custody inquiry turns on whether, under the totality of the circumstances, an objectively reasonable person in the suspect's position would have felt free to terminate the interrogation and leave. *United States v. Vinton*, 631 F.3d 476, 481 (8th Cir. 2011); *United States v. Sanchez-Velasco*, 956 F.3d 576, 580 (8th Cir. 2020).

That Turner was incarcerated at the time of the questioning does not mean that he was automatically "in custody" for purposes of *Miranda*. *United States v. Chamberlain*, 163 F.3d 499, 502 (8th Cir. 1998). In the prison context, we consider whether the circumstances of the interview "are consistent with an interrogation environment in which a reasonable person would have felt free to terminate the interview and leave." *Howes v. Fields*, 565 U.S. 499, 515 (2012) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004)). An inmate is considered free to leave for purposes of *Miranda* if he is free to "return to his normal life within the prison." *United States v. Arellano-Banuelos*, 912 F.3d 862, 868 (5th Cir. 2019) (internal quotation and alteration omitted).

Turner emphasizes that he was required to abide by the orders of the prison officials who summoned him to the interview room. He asserts that his movement under guard through a series of locked doors to a "foreign" location that he could not leave without assistance shows that he was in custody. But as the district court pointed out, these circumstances are primarily a function of Turner's incarceration

rather than the circumstances of the questioning. For a person like Turner who had served two years in prison, such restrictions, "while no doubt unpleasant, are expected and familiar and thus do not involve the same 'inherently compelling pressures' that are often present when a suspect is yanked from familiar surroundings in the outside world and subjected to interrogation in a police station." *Fields*, 565 U.S. at 511 (quoting *Maryland v. Shatzer*, 559 U.S. 98, 103 (2010)). The focus of the *Miranda* custody inquiry concerns whether the inmate under interrogation was free to return to his normal prison life, not whether he was summoned to the location of the interview in the first place.

Turner next alleges that Agent Johnson employed deceptive stratagems that would "prevent a reasonable person from terminating the interview," *United States v. Ollie*, 442 F.3d 1135, 1139 (8th Cir. 2006), by influencing his "perception of his freedom to depart." *United States v. Laurita*, 821 F.3d 1020, 1026 (8th Cir. 2016). Turner relies, however, on Johnson's private thinking that was not communicated to Turner. That Johnson strategically decided not to recite *Miranda* warnings and took into account that Turner had no defense to the cell phone infraction does not amount to deception bearing on custody. An investigator's "beliefs are relevant only to the extent that they would affect how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action." *Stansbury v. California*, 511 U.S. 318, 325 (1994) (per curiam) (internal quotation omitted).

The district court found that Agent Johnson informed Turner that he was not in Johnson's custody and was not required to answer any questions. "The absence of a formal arrest and the advice of freedom to decline to answer, while not conclusive, are indicative of noncustodial interrogation." *United States v. Jones*, 630 F.2d 613, 616 (8th Cir. 1980); *see United States v. Williams*, 760 F.3d 811, 814 (8th Cir. 2014). Turner stresses that the officers never told him that he was free to leave. But "the absence of an explicit statement that an interviewee is free to leave does not compel

a finding of *Miranda* custody." *United States v. Arellano-Banuelos*, 927 F.3d 355, 361 (5th Cir. 2019); *see Sanchez-Velasco*, 956 F.3d at 580. By informing Turner that he did not have to answer questions, Johnson plainly implied that Turner could decline the interview and return to his normal life in the prison. A reasonable inmate in Turner's position would have understood that he was free to discontinue the interview and go back to his housing unit.

The remaining circumstances do not establish that Turner was in custody. The questioning was conducted in a soft-spoken manner by two unarmed investigators in a comfortable conference room. Turner was not restrained during the interview, and prison guards returned him to his normal living environment at the conclusion of the meeting. Considering the totality of the circumstances, the district court did not err in concluding that Turner was not "in custody" and that there was no violation of the *Miranda* rule.

For these reasons, the district court correctly denied Turner's motion to suppress evidence. The judgment of the district court is affirmed.

_____