# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2206
_____

United States of America

*Plaintiff - Appellee*

v.

Albert McReynolds

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 12, 2025
Filed: March 18, 2025
[Unpublished]
_____

Before GRUENDER, SHEPHERD, STRAS, Circuit Judges.
_____

PER CURIAM.

Albert McReynolds appeals after a jury convicted him of drug and money laundering offenses, and the district court[1] sentenced him to 360 months in prison.

_____

[1] The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the substantive reasonableness of the sentence.  McReynolds has filed a pro se brief raising additional challenges to his conviction and sentence.

Upon careful review, we conclude that there was sufficient evidence to support the conviction, see United States v. Timlick, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt).  We further conclude that the district court did not impose a substantively unreasonable sentence, as the record establishes that the court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a).  See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

As to McReynolds's pro se arguments, we conclude that he waived his challenge to the search of the intercepted package because he did not move to suppress the evidence before trial and has not shown good cause for his failure to do so, see United States v. Cooke, 853 F.3d 464, 474 (8th Cir. 2017) (defendant waived even plain error review of admission of evidence when the basis for a motion to suppress was reasonably available before trial and no good cause was shown for failure to move to suppress at that time); the district court did not abuse its discretion in denying a mistrial, see United States v. Urqhart, 469 F.3d 745, 748-49 (8th Cir. 2006) (denial of motion for mistrial is reviewed for abuse of discretion; measures that are less drastic than mistrial, such as cautionary instruction, are generally sufficient

to alleviate prejudice stemming from accidental comments); and McReynolds was not denied a jury of his peers, see United States v. Jones, 687 F.2d 1265, 1269 (8th Cir. 1982) (Constitution does not guarantee defendant a proportionate number of his racial group on the jury panel or the jury which tries him, it merely prohibits deliberate exclusion of an identifiable racial group from the juror selection process).

We decline to address McReynolds's ineffective-assistance claim in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____