# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3102

_____

United States of America

*Plaintiff - Appellee*

v.

Damion Stevenson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 4, 2022
Filed: May 9, 2022
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Damion Stevenson appeals the sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm, pursuant to a plea agreement

_____

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

containing an appeal waiver. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of Stevenson's sentence and the effectiveness of trial counsel.

We decline to consider Stevenson's ineffective-assistance claims on direct appeal. *See United States v. Hernandez*, 281 F.3d 746, 749 (8th Cir. 2002) (noting an ineffective-assistance claim is generally not cognizable on direct appeal and is properly raised in a 28 U.S.C. § 2255 action). We also conclude the appeal waiver is valid, enforceable, and applicable to Stevenson's challenge to his sentence. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing validity and applicability of appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and it would not result in miscarriage of justice).

Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel leave to withdraw and dismiss this appeal.

_____