# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3020
_____

United States of America

*Plaintiff - Appellee*

v.

Kaiven Lemar Wesley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: May 2, 2024
Filed: May 24, 2024
[Unpublished]
_____

Before LOKEN, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

Kaiven Wesley appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense pursuant to a plea agreement containing an appeal

_____

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

waiver. His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), discussing whether the district court erred in its drug-quantity calculation and in denying a downward variance, but acknowledging the appeal waiver. In a pro se brief, Wesley argues that the plea agreement was invalid, he was erroneously classified as a career offender, and the government misrepresented the drug quantity and his criminal history. He also asserts that he received ineffective assistance of counsel. Wesley has moved to appoint new counsel and to add exhibits to his pro se brief.

We decline to consider Wesley's claim of ineffective assistance of counsel in this direct appeal. <u>See</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal; such claim is properly raised in 28 U.S.C. § 2255 action). Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the remaining issues raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal based on the appeal waiver, grant counsel's motion to withdraw, and deny as moot Wesley's pending motions.

_____