# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-3604

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jerry R. Wheeler, also known as Love, also known as Jerry Wheeler

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: September 11, 2024
Filed: September 16, 2024
[Unpublished]

——————————

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

   Jerry Wheeler appeals the sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses pursuant to a plea agreement containing

———————————————

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

an appeal waiver. His counsel has requested leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable and asserting that plea counsel was ineffective.

We decline to consider Wheeler's claim of ineffective assistance of counsel in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal; such claim is properly raised in 28 U.S.C. § 2255 action). Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the remaining issue raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal based on the appeal waiver and grant counsel leave to withdraw.

_____