# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2384
_____

United States of America

*Plaintiff - Appellee*

v.

David R. Craig

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: April 18, 2025
Filed: April 23, 2025
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

David Craig appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense pursuant to a written plea agreement containing an appeal

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

waiver. His counsel has requested leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), discussing whether the sentence is substantively unreasonable. Craig filed a pro se brief alleging that he received ineffective assistance of counsel, and that he was prejudiced because the prosecutor did not move for a downward departure.

Initially, we decline to consider Craig's claim of ineffective assistance of counsel in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal; such claim is properly raised in 28 U.S.C. § 2255 action). Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the remaining issues raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel leave to withdraw.

_____