# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1870
_____

United States of America

*Plaintiff - Appellee*

v.

Lawrence Courtney Lawhorn, also known as Courtney McAllister, also known as Cooter, also known as Coot

*Defendant - Appellant*

_____

No. 25-1982
_____

United States of America

*Plaintiff - Appellee*

v.

Lawrence Courtney Lawhorn, also known as Courtney McAllister, also known as Cooter, also known as Coot

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 29, 2026
Filed: February 3, 2026
[Unpublished]
_____

Before BENTON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Lawrence Lawhorn appeals after he pleaded guilty, under a plea agreement containing an appeal waiver, to fraud and identity theft offenses in two separate cases--instituted by separate indictments--which were consolidated prior to the plea hearing, and the district court[1] sentenced him to 252 months in prison. He has separate counsel in each appeal, who have moved for leave to withdraw, and have filed briefs under Anders v. California, 386 U.S. 738 (1967), challenging the sentence and arguing that the district court should have appointed new counsel.

Upon careful review, we conclude that the record shows Lawhorn entered into the plea agreement and appeal waiver knowingly and voluntarily, and that the appeal waiver is valid, enforceable, and applicable to the issues in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

To the extent Lawhorn raises an ineffective-assistance claim, we decline to address it in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant the motions to withdraw.

_____