# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2802
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 2, 2026
Filed: February 5, 2026
[Unpublished]

_____

Before BENTON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Antonio Harris appeals after he pleaded guilty to firearm offenses and the district court[1] imposed a below-Guidelines-range sentence. Counsel has moved for

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

leave to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging an appeal waiver in the plea agreement, and challenging the voluntariness of Harris's plea and his conviction under 18 U.S.C. § 924(c). Harris has filed a pro se brief challenging his counsel's effectiveness and the Guidelines calculations, and asserting he was a victim of selective prosecution.

We decline to consider Harris's ineffective-assistance-of-counsel claim on direct appeal. <u>See</u> <u>United States v. Hernandez</u>, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal); <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best raised in collateral proceedings where record can be properly developed). Upon careful review, we conclude that the record shows Harris entered into the plea agreement and appeal waiver knowingly and voluntarily, and that the appeal waiver is valid, enforceable, and applicable to the remaining issues raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice); <u>see also</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and grant the motion to withdraw.

_____